1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    TROY ANDERSON,                    )    No. C 09-2943 JSW (PR)
                                       )
9          Plaintiff,                  )    **ORDER DISMISSING**
                                       )    **COMPLAINT AND**
10   vs.                               )    **DENYING MOTION TO**
                                       )    **PROCEED *IN FORMA***
11   GLORIA CURCIO, CALIFORNIA         )    ***PAUPERIS* AS FILED IN**
     DEPARTMENT OF CORRECTIONS         )    **ERROR; NO FEE IS DUE**
12   AND REHABILITATION,               )
                                       )    **(Docket no. 3)**
13         Defendant.                  )

14

15                              **INTRODUCTION**

16         Plaintiff, a prisoner incarcerated at the Solano County Jail, filed a hand-written

17   complaint alleging a deprivation of rights in the United States District Court for the

18   Eastern District of California which was construed as a civil rights action pursuant to 42

19   U.S.C. § 1983 and transferred to this Court. However, Plaintiff has also filed a nearly

20   identical complaint here, which was filed under Case No. C-09-3310 JSW (PR). It is

21   unclear whether Plaintiff inadvertently filed what appears to be the same claim in two

22   different venues.

23         In an order issued today, this Court dismissed the earlier case with leave for

24   Plaintiff to file an amended complaint, including all of his claims, on this Court's civil

25   rights complaint form. Therefore, the instant case is DISMISSED as duplicative of

26   Plaintiff's complaint in Case No. C-09-3310 JSW (PR) currently pending before this

27   Court. Plaintiff's application to proceed in forma pauperis is DENIED as filed in error

28   (docket no. 3). Therefore, no fee is due.

**DISCUSSION**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II    Duplicative Claims

A complaint that merely repeats pending or previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915. *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).  This action is duplicative of another nearly identical complaint filed in the United States District Court for the Eastern District of California and transferred to this Court.  That matter is still pending under case number CV-09-3310 JSW (PR).  Therefore, the instant action is DISMISSED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  **NOV - 2** 2009

JEFFREY S. WHITE
United States District Judge

2